## AMERICAN KENNEL CLUB, Inc., v. HOEY.

### No. 275.

Circuit Court of Appeals, Second Circuit.

April 17, 1945.

922

White & Case and Arnold J. Brock, all of New York City (Walter S. Orr, Francis L. Casey, and Arnold J. Brock, all of New York City, of counsel), for plaintiff-appellant.

John F. X. McGohey, U. S. Atty., of New York City (Laurence H. Axman, of New York City, of counsel), for defendant-appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. The fact that an organization derives income from services not "scientific" does not preclude exemption. Cf Bohemian Gymnastic Ass'n v. Higgins, 2 Cir., 147 F.2d 774; Oklahoma State Fair and Exposition v. Jones, D.C., 44 F.Supp. 630. But the exemption granted by the statute is only for those organizations whose "purposes" are "exclusively * * * scientific."

■ The word "scientific" has a large variety of meanings. Thus, among savants, there has been much disputation as to whether, with accuracy, history or politics or economics or sociology or "law" is or can be a science.[1] Fortunately, we are not here required to decide whether in this statute Congress intended to use "scientific" in a restricted or a latitudinarian manner. For, patently, the taxpayer's prime function is the maintenance, at a high sportsmanlike level, of the sport of dog shows and field trials. Its chief aim is to see that the dog shows are staffed by proper judges and that a fair trial is given to all entrants. However worthy this aim may be, it is not scientific. Doubtless, as plaintiff doggedly asserts, much of the data resulting from taxpayer's activities can be used scientifically by geneticists, and probably is. But that is not enough. Gambling furnished the data to Pascal and Fermat for working out the mathematical theory of probability, a theory indispensable to modern physicists. Yet no one would say that, even if today mathematicians and physicists, for their purposes, still studied what went on in gambling houses, such institutions were organized and operated for purposes "exclusively * * * scientific." The instant case cannot be distinguished—as was the Bohemian case, supra—from our decision in Jockey Club v. Helvering, 2 Cir., 76 F.2d 597.

■ 2. Nor can an exemption be justified under § 101(7). Taxpayer is not a business league. The clubs which make up taxpayers membership are primarily interested in sport, not in business. Thus, though the plaintiff is a league of clubs, it surely is not a league of business clubs.

3. Our decision of the foregoing questions avoids the necessity of determining whether, under §§ 101(6) or 101(7), any of the profit inured to the benefit of the members.

Affirmed.

[1] For recent discussions, see, e.g., Kaufmann, Methodology of The Social Sciences (1944); Neurath, Foundations of The Social Sciences, in International Encyclopedia of Unified Science, Vol. II, No. 1 (1944); Cohen and Nagel, Logic and Scientific Method (1936) Ch. XVII.